# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 2:16-cr-14043-ROSENBERG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JUAN JESUS
LANDAVERDE-AGUILLON,

    Defendant.

_____/

## **ORDER DENYING PETITION FOR RECALCULATION OF SENTENCE**

This cause comes before the Court upon Defendant's "Notice to the Clerk" [DE 50]. Defendant states in the Notice that the Bureau of Prisons ("BOP") has miscalculated his release date by ten months. He asks the Court to compel the BOP to recalculate his release date.

The Court construes Defendant's Notice as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. *See Watson v. United States*, 392 F. App'x 737, 741 (11th Cir. 2010) (stating that a challenge to the calculation of a release date is cognizable under § 2241); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) (explaining that "challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241"); *see also United States v. Kinsey*, 393 F. App'x 663, 664 (11th Cir. 2010) ("Federal courts may ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.").

The BOP is responsible for computing a sentence and has established procedures for a prisoner to follow before seeking relief from a court. *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992). A prisoner must administratively exhaust his remedies by complying with

these procedures before turning to the courts. *Davis v. Warden, FCC Coleman – USP I*, 661 F. App'x 561, 562 (11th Cir. 2016) (stating that, while the Eleventh Circuit has abrogated the holding in *Gonzalez* that the administrative-exhaustion requirement is jurisdictional, "the administrative exhaustion requirement is still a requirement" (alterations and quotation marks omitted)). Here, there is no indication that Defendant has administratively exhausted his remedies before the BOP to challenge his release date.

In addition, a prisoner must file a § 2241 petition in the district court for the district in which he is incarcerated. *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991). Defendant's address reflects that he is incarcerated in Folkston, Georgia, which is located in the Southern District of Georgia.

For these reasons, it is **ORDERED AND ADJUDGED** that Defendant's "Notice to the Clerk" [DE 50], which the Court construes as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, is **DISMISSED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 26th day of July, 2019.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record